**Abraham Haile BISRAT, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–72923.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed June 30, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard Robert Davis, Steven R. Landaal, Esquire, Law Offices of Steven R. Landaal, Santa Monica, CA, for Petitioner.

Peter M. Flynn, Esquire, Environmental Enforcement Section, OIL, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, NVL–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, for Respondent.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

## ORDER

Bisrat's petition for panel rehearing is granted.

The memorandum disposition issued on March 24, 2009, is hereby withdrawn. A replacement disposition shall issue concurrently with this order.

The panel retains jurisdiction over any further petitions for rehearing.

## MEMORANDUM **

Abraham Haile Bisrat, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we grant in part and deny in part the petition for review.

■ The IJ denied Bisrat's withholding of removal claim because she found Bisrat incredible. In part, the IJ found Bisrat not credible because of his unclear testimony. This is not supported by substantial evidence because Bisrat was not given the chance to clarify his testimony. *See He v. Ashcroft*, 328 F.3d 593, 602 (9th Cir.2003) (adverse credibility finding based on an alien's "vague description of the elapsed time," was not supported by substantial evidence where the alien "was not cross-examined about the timing of events,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[and] had no reason or opportunity to explain what he meant").

The IJ also found Bisrat not credible because she found it implausible that Ethiopian authorities would give him a choice whether to be deported to Eritrea, and because she found Bisrat's description of meeting an Ethiopian upon his arrival in Las Vegas implausible. The record does not support the IJ's first finding, and details of his arrival in the United States do not go to the heart of his asylum claim, so any implausibility identified in the second finding does not justify an adverse credibility finding. *See Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002).

 Finally, the IJ faulted Bisrat for not introducing corroborating evidence regarding his injuries or arrival date. Because the IJ's other adverse credibility findings are unsupported, lack of corroboration alone cannot support the credibility finding. *See Marcos v. Gonzales*, 410 F.3d 1112, 1118 (9th Cir.2005). Moreover, Bisrat was never questioned regarding the lack of corroboration and there is no showing that such evidence would have been "easily available." *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir.2000).

The agency alternatively denied withholding of removal on the merits, finding that Bisrat failed to "indicate" that his arrest was connected to his involvement with the Oromo Liberation Front such that any persecution was on account of a protected ground. Substantial evidence does not support this conclusion because Bisrat described his role in the Oromo Liberation Front, stated that he was arrested because of it, and recounted being taunted in jail due to that affiliation. *See Gafoor v. INS*, 231 F.3d 645, 647 (9th Cir.2000).[1]

We therefore hold that substantial evidence does not support the agency's withholding of removal conclusions with respect to the credibility and nexus findings and we grant the petition as to withholding of removal and remand for the agency to reconsider Bisrat's credibility and to decide in the first instance whether the harm that Bisrat suffered rose to the level of persecution and whether he is entitled to a presumption of a clear probability of future persecution. *See Soto–Olarte v. Holder*, 555 F.3d 1089, 1096–96 (9th Cir. 2009); *INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Bisrat has not established he will be tortured if returned to Ethiopia and we deny his CAT claim. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

Finally, as Bisrat points out with regard to his asylum claim, the agency's finding that he failed to file his application within one year of entering the United States appears to be inconsistent with the agency's finding that he was ineligible for voluntary departure because he was present in the U.S. for less than a year prior to his Notice to Appear ("NTA"). On remand, the agency should explain how these two findings are consistent, given that Bisrat applied for asylum before being served with an NTA.

**PETITION FOR REVIEW GRANTED as to asylum; GRANTED as to withholding; DENIED as to CAT; REMANDED.**

---

1. The mixed motive analysis employed in *Gafoor* has been superseded by statute. *See Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir.2009). Nevertheless, this case was filed prior to the REAL ID Act, and thus the prior case law applies.